SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICHOLAS D. MEYERS**, OSB #222743
Nicholas.Meyers@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00312-MO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| AUSTIN GREGORY DORSEY, | |
| Defendant. | |

Defendant Austin Gregory Dorsey repeatedly used threats of violence to extort money from Advantis Credit Union. He entered three credit-union branches, used Interactive Teller Machines ("ITMs") to reach virtual tellers, and threatened to harm people inside the branches unless the tellers immediately dispensed cash. He obtained $9,000. The crimes were deliberate, repeated, and serious.

**Government's Sentencing Memorandum**                                    **Page 1**

For the reasons set forth below, the government recommends a sentence of 27 months' imprisonment on Counts 1 through 3, to run concurrently, followed by a three-year term of supervised release, restitution in the amount of $9,000, and a $300 special assessment.

## I. Factual Background

### A. The Offense Conduct

The Presentence Investigation Report ("PSR") accurately summarizes the offense conduct in paragraphs 17 through 28, which the government incorporates by reference. PSR ¶¶ 17-28.  In each of the three counts of conviction, defendant entered an Advantis Credit Union branch in the Portland area and used an ITM to extort cash from a virtual teller by threatening to shoot or harm people inside the credit union. PSR ¶¶ 17-22.

On January 12, 2024, defendant entered Advantis Credit Union's Woodstock branch and told the virtual teller, "I need you to send me $2,000 right now before I shoot someone," adding, "Don't do nothing stupid." PSR ¶ 18.  The teller complied and dispensed $2,000.  PSR ¶¶ 18-19. Five days later, defendant returned to the same branch, told a second virtual teller that he would start shooting people inside the credit union if the teller did not give him money, increased his demand from $2,000 to $3,000, and left with the cash. PSR ¶ 20.  On January 23, 2024, defendant went to the Gresham branch, demanded $4,000, threatened three times to shoot someone, said someone would get "hurt," and obtained another $4,000. PSR ¶¶ 21-22.

### B. The Charges and Plea Agreement

On October 1, 2025, defendant pleaded guilty to Counts 1 through 3 of the indictment, each charging Bank Extortion, in violation of 18 U.S.C. § 2113(a). PSR ¶¶ 1-5.  Count 1 involved approximately $2,000 taken from Advantis Credit Union on January 12, 2024; Count 2 involved approximately $3,000 taken from the same branch on January 17, 2024; and Count 3

**Government's Sentencing Memorandum**                                                    **Page 2**

involved approximately $4,000 taken from the Gresham branch on January 23, 2024. PSR ¶¶ 1-3. At sentencing, the government will move to dismiss Count 4, which charges Attempted Bank Extortion. PSR ¶¶ 4, 6.

Each count carries a maximum sentence of 20 years' imprisonment, a fine of up to $250,000, a supervised-release term of up to three years, mandatory restitution, and a $100 special assessment. PSR at 1; PSR ¶¶ 1-4, 29-30.

## II. Guidelines Calculations and Plea Agreement Provisions

The PSR correctly calculates Defendant's total offense level as 20 and his criminal history category as III, resulting in an advisory guideline range of 41 to 51 months. PSR at 1; PSR ¶¶ 33-59, 69. The applicable guideline is USSG §2B3.2. PSR ¶¶ 33-34, 40, 46. Each count has a base offense level of 18 under USSG §2B3.2(a), plus a two-level increase under USSG §2B3.2(b)(1) because each offense involved an express or implied threat of death or bodily injury. PSR ¶¶ 34-35, 40-41, 46-47. The three counts result in a three-level multiple-count increase under USSG §3D1.4, and defendant receives a three-level reduction for acceptance of responsibility under USSG §3E1.1(a) and (b). PSR ¶¶ 52-59.

Defendant has a criminal history score of five, which establishes criminal history category III. PSR ¶ 69. His scored criminal history includes theft and harassment convictions, a felony Assault IV - Constituting Domestic Violence conviction, and a felony conviction for Unlawful Possession of Methamphetamine - Usable Quantity. PSR ¶¶ 64-69.

## III. Argument

### A. A 27-Month Sentence Is Sufficient, But Not Greater Than Necessary

A sentence of 27 months' imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a). Defendant committed three

separate bank extortions in less than two weeks.  Each time, he threatened lethal violence against people inside the credit union to force a remote teller to dispense cash.  Those threats were direct, frightening, and calculated to create immediate fear.  They also created a serious risk that employees inside the branches would activate alarms, intervene, flee, or otherwise respond in a way that could escalate the danger to employees, customers, law enforcement, and defendant himself.

The seriousness of the offense should not be measured only by the amount taken. Defendant stole $9,000, but the greater harm was the fear and danger created by repeated threats to harm innocent people inside public financial institutions.  The virtual tellers were not physically present in the lobbies, but defendant's threats were directed at real employees and customers who were.  See PSR ¶¶ 17-22.  A meaningful custodial sentence is necessary to reflect the seriousness of that conduct, promote respect for the law, provide just punishment, deter defendant and others, and protect the public.

**B. Restitution and Fine**

Restitution is mandatory under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.  PSR ¶¶ 29-30.  The government seeks restitution in the amount of $9,000, payable to Advantis Credit Union, consisting of $2,000 for Count 1, $3,000 for Count 2, and $4,000 for Count 3. PSR ¶¶ 13-14, 30.  The government does not seek a fine.  A $300 special assessment is mandatory.  PSR at 1.

///

///

///

///

**Government's Sentencing Memorandum**                                                        **Page 4**

**IV. Conclusion**

For the above reasons, the government respectfully recommends that the Court impose a sentence of 27 months' imprisonment on Counts 1 through 3, followed by a three-year term of supervised release, restitution in the amount of $9,000, and a $300 special assessment.

Dated: April 28, 2026

<div style="margin-left:50%">

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Nicholas D. Meyers*
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorney

</div>

**Government's Sentencing Memorandum** **Page 5**